**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| APRÈS LLC, | **Case No. 26-148** |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| LARK HOSPITALITY, LLC, | |
| Defendant. | |

Plaintiff Après LLC ("Plaintiff" or "Après"), by and through undersigned counsel, brings this action for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common law trademark infringement against Lark Hospitality, LLC ("Defendant" or "Lark") and, upon knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, alleges as follows:

**<u>INTRODUCTION</u>**

1.      Since November 2021, Plaintiff Après LLC has operated a craft cocktail bar called "Après" on Mountain Road in Stowe. It has developed significant goodwill in the Après mark and depends heavily on its name and reputation among locals and tourists.

2.      In the spring of 2022, Defendant Lark Hospitality, LLC opened a competing bar called "Après Only" at its Field Guide Lodge property on Mountain Road in Stowe, despite knowledge of Plaintiff's mark and the likelihood of confusion within the Stowe community.

3.      Indeed, before Après Only even opened, Lark approached Chris Leighton, the owner of Après, to provide cocktail services at another Lark property in Stowe, but the parties could not reach an agreement.

4.      When Leighton learned of Lark's subsequent plans to use a confusingly similar name, he immediately contacted Lark's operations manager. The operations manager raised concerns to Lark's upper management, and even visited Leighton at Après to discuss potential solutions, including renaming the bar to "Field Guide Lounge," but ultimately Lark's management chose to ignore the concerns and proceed with the infringing name.

5.      On June 14, 2022, Lark's Founder and President, Robert Blood, sent Leighton an email confirming that Lark was "committed to the concept and name - to the point we will be rolling it out at some of our future hotels."

6.      The consequences have been significant and ongoing. Après has experienced pervasive customer confusion on a regular basis. Upon the opening of Après Only, customers reached out to congratulate Leighton on opening a "second location."

7.      Thereafter, Après began regularly receiving patrons searching for Après Only's concert venue (Après does not offer live music), and Après is aware of numerous customers who have reported visiting Après Only inadvertently in search of the craft cocktails offered only by Après. In many cases, the customers have simply stayed at Après Only even after learning of their mistake, resulting in lost business for Après.

8.      Après has also been damaged by negative customer experiences at Après Only, which have resulted in inadvertent negative online reviews, including problems with live music tickets and poor service that have nothing to do with Après.

9.      On January 12, 2026, Plaintiff's counsel sent a cease-and-desist letter to Lark. While Lark initially engaged, through counsel, in a discussion of how to remediate the situation, the parties could not agree on a solution.

10. Après brings this action seeking preliminary and permanent injunctive relief, an award of Defendant's profits, actual damages including lost revenue, enhanced damages, reasonable attorneys' fees and costs, and all other relief the Court deems just and proper.

## THE PARTIES

11. Plaintiff Après LLC is a Vermont limited liability company with its principal place of business in Stowe, Vermont. Christopher Leighton is the owner and operator of Après LLC.

12. Après operates a craft cocktail bar located at 2038 Mountain Road. Since November 4, 2021, Après has continuously operated under the Après name and mark and serves craft cocktails and light dining with an elevated bar experience.

13. Defendant Lark Hospitality, LLC is a limited liability company with its principal place of business at 40 Court Street, Portsmouth, New Hampshire 03801.

14. Lark owns and/or operates the Field Guide Lodge in Stowe, Vermont, as well as the Talta Lodge property in Stowe and other hotel properties throughout New England.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1125(a).

16. This Court has supplemental jurisdiction over Plaintiff's common law claim under 28 U.S.C. § 1367(a).

17. This Court has personal jurisdiction over Defendant because Defendant operates multiple hotel and bar properties in Vermont and the infringing conduct occurred and continues to occur in Vermont.

18. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

3

## SUBSTANTIVE ALLEGATIONS

### A.    Plaintiff's Trademark Rights

19.    Christopher Leighton began public operations of Après LLC in Stowe, Vermont on November 4, 2021 under the name and mark "Après."

20.    Since opening, Après has continuously and without interruption utilized the word "Après" as its primary trademark in its name, logo, signage, advertising materials, social media accounts, and other marks. Après maintains an active Instagram account (@apresvt) and website (apresstowe.com) through which it promotes its services under the Après mark.

21.    The Après mark is distinctive, and it is undisputed that Après was the first to use the Après mark in its geographic area of operation.

22.    Through more than four years of continuous operation, advertising, social media presence, and word-of-mouth, the Après mark has become clearly associated in the Stowe, Vermont market with Plaintiff's craft cocktail bar. When customers in Stowe encounter "Après" in connection with bar services, they associate it with Plaintiff's establishment.

23.    Après has earned a 4.9-star rating with 93 Google reviews, despite inadvertent negative ratings relating to Defendant's business. This rating reflects strong consumer recognition and substantial goodwill built through years of consistent, high-quality service under the Après mark.

24.    Après's reputation in the Stowe market was established well before Defendant adopted the Après Only name.

### B.    Defendant's Knowledge and Adoption of the Infringing Mark

25.    In early 2022, Lark approached Leighton to provide cocktail services at Lark's Talta Lodge property in Stowe. The parties were unable to agree to terms, and thereafter Lark opened a new bar at its Field Guide Lodge property in Stowe using the name "Après Only."

4

26.    When Leighton learned of Lark's plan to name its new bar "Après Only," he immediately contacted Lark's operations manager to advise her of the extreme likelihood of consumer confusion between the two materially identical names for bars within the same market. The operations manager expressed embarrassment at the similarity and acknowledged that she had raised Leighton's concerns to upper management at Lark.

27.    In or around late May or early June 2022, the operations manager visited Leighton at Après to discuss potential solutions. During that visit, Leighton suggested renaming the bar "Field Guide Lounge." The operations manager agreed the proposed name was a better alternative than maintaining two such closely aligned names. Ultimately, Lark's management ignored the concerns and proceeded under the Après Only name.

28.    On June 14, 2022, Robert Blood, Founder and President of Lark, sent an email to Leighton regarding the naming dispute. A true and correct copy of the Blood Email is attached hereto as **Exhibit A**. In that email, Blood acknowledged that Leighton had "spoken to Aiden [the operations manager] a couple of times now, explaining your reservations about our concept and name in relation to your cocktail bar, Après." Ex. A.

29.    Despite this acknowledged awareness, Blood's email confirmed that Lark was "committed to the concept and name - to the point we will be rolling it out at some of our future hotels." *Id.* Blood also stated falsely: "I have to tell you, honestly, that we were not aware of your bar until very recently," despite months of communication between Blood's operations manager and Leighton, the proximity of Après to the Field Guide Lodge, and the discrete number of bars and restaurants on Mountain Road in Stowe. *Id.*

30.    From the spring of 2022 to the present, Lark has continuously operated its bar under the infringing Après Only designation at the Field Guide Lodge property.

**C.**    <u>**Consumer Confusion and Harm**</u>

31.    Since Après Only opened, Plaintiff has experienced pervasive and ongoing consumer confusion and harm.

32.    For example, upon Après Only's opening, numerous individuals contacted Leighton to congratulate him on opening a "second location," demonstrating that consumers believed Après Only was affiliated with or operated by Après.

33.    Thereafter, customers repeatedly and continuously report having gone inadvertently to Après Only in search of Après and its cocktail offerings. Conversely, customers often come into Après looking for the live music offered by Après Only, which Après does not offer.

34.    This two-way confusion has compounded the harm to Plaintiff's business. For example, numerous customers have reported that after inadvertently visiting Après Only in search of Après, they decided to simply stay and order drinks at Après Only, directly diverting revenue from Plaintiff's business to Defendant's. On the other hand, numerous customers have come to Après inadvertently looking for the live music shows offered by Defendant, and other customers have left negative online reviews against Après based on poor customer experiences at live music events hosted by Après Only.

35.    Despite ongoing efforts to correct the confusion through social media posts and word of mouth, Après has been unable to mitigate the ongoing harm.

36.    On January 12, 2026, Plaintiff, through counsel, sent a cease-and-desist letter to Lark demanding that within thirty days Lark discontinue use of the Après mark and provide confirmation it would not use the mark in the future in connection with any property in Vermont. A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit B**.

37.     On January 13, 2026, Chris Perré, General Counsel & VP, Business Affairs of Lark Hospitality, LLC, acknowledged receipt of the cease-and-desist letter.

38.     On February 3, 2026, Lark's outside counsel, Gerben Perrott PLLC, responded on Lark's behalf, rejecting Plaintiff's demand and arguing that there is a "crowded field" of Après marks in Stowe and that Plaintiff's claims are purportedly barred by laches. Remarkably, among other baseless assertions, the letter included examples of unrelated businesses—operating under completely unrelated trademarks, including "American Flatbread," "Ranch Camp," "Idletyme," and "Stowe Bee"—that periodically advertise "apres ski" drinks or food.

39.     As of the date of this filing, Lark continues to operate under the infringing Après Only name. Its calculated refusal to cease the infringing conduct, despite actual knowledge of Plaintiff's prior rights and extensive consumer confusion, constitutes willful infringement.

**COUNT I**
**Trademark Infringement in Violation of**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

40.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

41.     Plaintiff owns valid, protectable trademark rights in the Après name and mark in its geographic area of operation in Stowe, Vermont.

42.     Plaintiff was the first to use the Après mark in its geographic area of operation.

43.     Defendant, without consent or authorization, has used in commerce the designation "Après Only" for competing bar services in the same geographic market. The Après Only designation is confusingly similar to Plaintiff's Après mark.

44.     Defendant's use of the Après Only designation is likely to cause, and has in fact caused, extensive confusion, mistake, and deception as to the affiliation, connection, or association

of Defendant's bar with Plaintiff's bar, and as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

45.     Defendant's infringement was undertaken willfully and in bad faith because Defendant had actual knowledge of Plaintiff's prior rights and nevertheless proceeded with use of the infringing mark.

46.     As a direct result of Defendant's conduct, Plaintiff has suffered and, unless enjoined, will continue to suffer irreparable harm, including loss of goodwill, diversion of customers, damage to reputation from misattributed negative reviews, and ongoing consumer confusion, for which there is no adequate remedy at law.

47.     Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

48.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover damages in an amount to be determined at trial.

## COUNT II
## Common Law Trademark Infringement

49.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

50.     Après LLC owns common law trademark rights in the Après mark based on prior and continuous use in the Stowe, Vermont market since November 2021.

51.     Since November 2021, Plaintiff has invested substantial resources to build consumer recognition, reputation, and goodwill in the Après mark in the Stowe, Vermont market.

52.     Defendant, without consent or authorization, has used in commerce the designation "Après Only" for a directly competing bar in the same geographic market.

53.    Defendant's use of the Après Only designation is likely to cause, and in fact has caused, consumer confusion, mistake, and deception as to the source, sponsorship, or affiliation of Defendant's services with Plaintiff's services.

54.    Defendant's conduct has misappropriated the goodwill Plaintiff built in the Après mark over more than four years and has diverted customers and revenue from Plaintiff's business through the use of a confusingly similar designation.

55.    As a direct result of Defendant's common law trademark infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

56.    WHEREFORE, Plaintiff Après LLC respectfully requests judgment against Defendant Lark Hospitality, LLC as follows:

(a)    A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting in concert or participation with them, from using the Après mark, the Après Only name, or any name confusingly similar to Plaintiff's Après mark, in connection with bar, restaurant, hospitality, or related services, in Vermont;

(b)    An order requiring Defendant to remove and destroy all signage, advertising materials, menus, promotional materials, website content, social media content, and other materials bearing the Après Only designation or any confusingly similar designation;

(c)    An award, pursuant to 15 U.S.C. § 1117(a), of: (i) Defendant's profits attributable to its infringement; (ii) Plaintiff's actual damages; and (iii) enhanced damages up to three times Plaintiff's actual damages;

(d)    An award of Plaintiff's reasonable attorney's fees and costs;

(e)    An award of pre-judgment and post-judgment interest;

9

(f)    Any such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 29, 2026

/s/ Aaron T. Morris
**MORRIS KANDINOV LLP**
Aaron T. Morris (5675178)
305 Broadway, 7th Floor
New York, NY 10007
(212) 431-7473
aaron@moka.law

Counsel for Plaintiff